UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC DEXTER TAYLOR,

        Plaintiff,

    - against -

INTERNET.COM/ETHERNET;
TRADECOMMISSIONS.ORG.GOV;
FREETRADEASSOCIATION.ORG,

        Defendants.[1]
------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-2025 (RRM)(JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

On April 18, 2012, plaintiff Eric Dexter Taylor, filed this *pro se* action against defendants. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. The complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff's statement of claim consists of the following:

> Wile I was in Rikers Island my health was slowing being depleted beyond cercumstance do to neglagence I received servere headaches from medication my case files has a numorus counts of dispasision in my cases.
>
> I'm sueing under tort law for misconduct cruel an unusual punishment and health hazardus condition agrivated harassment and illegaly holding me under there corrections camp by law system with exsesive bail structures.

(Compl. (Doc. No. 1) at ¶ IV (grammatical and spelling errors in original).) Plaintiff seeks "tort compensation punitive damages." (*Id.* at ¶ V.) Inexplicably, plaintiff attaches several unmarked exhibits to the complaint: (1) a Freedom of Information Act Request, (2) information from the Federal Trade Commission, (3) a partially-completed complaint for econsumer.gov.

---

[1] Plaintiff includes as an additional defendant: "NY Corrections Bureau, all sections or union." (*See* Compl. (Doc. No. 1) at ¶ III (B).)

**STANDARD OF REVIEW**

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

Insofar as plaintiff's claims are related to his prior incarceration on Rikers Island, (*see* Compl. (Doc. No. 1) at p. 4), his complaint is dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that the defendant deprived him of a federal or constitutional right while acting under the color of law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). A complaint must contain sufficient factual content to allow the district court "to draw the reasonable inference that the defendant[s] [were] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.

Here, plaintiff's claims of negligence, misconduct and harassment, among others, are conclusory and do not provide facts to support his conclusions or name the individuals personally involved in these claims.  Plaintiff also attached to his complaint over 100 pages of what appear to be exhibits, but which are comprised of, *inter alia*, pages from a jury instruction on an agency defense in a drug trial, a request under the Freedom of Information Act, an incoherent handwritten statement, a pharmacy monograph for Risperidone, pages from a Words and Phrases volume printed off of Lexis Nexis, a page from a form petition for release of escheated land, pages from what appears to be an online treatise on unclaimed property and a printout of a Federal Trade Commission webpage giving instructions for filing a consumer complaint.  However, none of this material has any relevance to any claim that could be gleaned from plaintiff's complaint.

In addition, plaintiff seeks to sue "internet.com/ethernet, tradecommissions.org and freetradeassociation.org, (*see* Compl. (Doc. No. 1) at p. 1, Unmarked Exhibits).  The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After construing plaintiff's pleadings liberally and interpreting them as raising the strongest arguments they suggest, the Court finds that to the extent plaintiff attempts to sue these defendants, (*see* Compl. (Doc. No. 1), Unmarked Exhibits), there is no legal theory on which he may rely.  *Livingston*, 141 F.3d at 437 (observing that dismissal is proper where allegations are "product of delusion or fantasy") (internal quotation marks omitted)).  For all of the above reasons, plaintiff's claims are dismissed.

**CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to plaintiff *pro se* and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge